**Brisco HUFF, on behalf of himself and others similarly situated, Plaintiff-Appellant,**

v.

**N. D. CASS COMPANY OF ALABAMA, Defendant-Appellee.**

**No. 71-2842.**

United States Court of Appeals, Fifth Circuit.

Sept. 4, 1973.

U. W. Clemon, Birmingham, Ala., Nathaniel Jones, NAACP, William D. Wells, New York City, for plaintiff-appellant.

Charles L. Reischel, EEOC, Washington, D.C., Morris J. Baller, New York City (NAACP Legal Defense and Educational Fund), Julia P. Cooper, EEOC, Washington, D.C., Jack Greenberg, New York City, amicus curiae.

Perry Hubbard, Tuscaloosa, Ala., O. S. Burke, Jr., Marion, Ala., for defendant-appellee.

C. V. Stelzenmuller (Thiokol Chem. Corp.), Birmingham, Ala., Milton A. Smith, Gen. Counsel, Washington, D.C. (The Chamber of Commerce of the U.S. A.), Lawrence M. Cohen, Chicago, Ill., amicus curiae.

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN,* BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM and RONEY, Circuit Judges.

GODBOLD, Circuit Judge:

The central issue in this class action is whether the trial court properly dismissed the action on the basis of a preliminary determination that the single plaintiff representing the class was not entitled to relief on the merits of his individual claim.

The plaintiff, Brisco Huff, was a black who claimed that his employer, N. D. Cass Company, laid him off and failed to recall him from racial motivations. Proceeding under Rule 23, Fed. R.Civ.P.,[1] he charged also that the employer discriminated against black workers as a class by restricting them to low-

---

* Judge Gewin did not participate in this decision.

[1]. Rule 23. Class Actions

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

(c) Determination by Order Whether Class Action to be Maintained; Notice; Judgment; Actions Conducted Partially as Class Actions.

(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

\*　　\*　　\*　　\*　　\*

er paying, more menial jobs and by operating a discriminatory recall policy. The class was composed of "black persons who are employed or might be employed by the defendant company who have been and continue to be or might be adversely affected by the practices complained of herein."

The court conducted a preliminary evidentiary hearing on plaintiff's individual claim of racially motivated layoff and failure to recall, and following the hearing found that the failure of the company to recall plaintiff[2] was based entirely upon his unacceptable performance of duties and not in whole or in part upon racial considerations, and that, therefore, plaintiff was not a member of the class and could not adequately protect its interests as required by Rule 23(a)(4).

■ We agree with the panel opinion, 468 F.2d 172, that the District Court was not plainly erroneous in its findings on the motivations for plaintiff's nonrecall and that the court did not err in limiting discovery.[3] As to the right of Huff to maintain the class action, this court is committed to the principle that the standard for determining whether a plaintiff may maintain a class action is not whether he will ultimately prevail on his claim. Miller v. Mackey Int'l, Inc., 452 F.2d 424 (CA5, 1971); Johnson v. Georgia Highway Express, Inc., 417 F. 2d 1122 (CA5, 1969). Thus the trial court applied an incorrect standard, and its decision must be vacated and the cause remanded for consideration under the correct standard. Possibly this court might say no more than that, cite Johnson and Mackey, and stop. But this would not be a response to the inherent difficulties, which have surfaced in this case, of meshing the power and duty of the court to inquire into maintainability —which requires the satisfaction of all the requirements of Rule 23(a) and at least one of the requirements of 23(b) —with the generalized statement that the court should not exclude plaintiff as a representative because he cannot succeed on the merits of his individual claim. A growing body of case law, and in this case the briefs of the parties and the several amici and the struggles at oral argument to articulate whether and to what extent the court may inquire into plaintiff's claim, all exemplify the opposing tensions.

Johnson and Mackey do not hold that there is no inquiry which a trial court may make before the complex and often expensive machinery of the class action moves ahead. Rule 23(c)(1) provides that "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." This language of the Rule, the cases, and the texts, all articulate the desirability of determining maintainability of the class action at what has been called "the earliest pragmatically wise moment." Berman v. Narragansett Racing Ass'n, 48 F.R.D. 333, 336 (D.R.I.1969). Accord, Burns v. Thiokol Chemical Corp., supra. See also, Frankel, Some Preliminary Observations Concerning Civil Rule 23, 43 F.R.D. 39 (1967). Action by the court on maintainability may be triggered by motion of the parties or on the court's own initiative.[4]

2. The court's opinion does not specifically refer to the motivation for Huff's layoff. He was, however, laid off along with other employees in December at a time when the company, a seasonal manufacturer of children's toys and furniture, normally closes down production and lays off its production force. While not explicit in the opinion it is implicit that the layoff of Huff was not for racial motivations.

3. In Burns v. Thiokol Chemical Corp., 483 F.2d 300 [C.A.5, 1973] we have recognized that the individual class action plaintiff may be entitled, in support of his individual claim, to discovery of empirical data concerning the employer's overall pattern of conduct with respect to the discrimination allegedly practiced against the class of which plaintiff is a member. In view of the information which the defendant Cass was required to supply to Huff, as described in the panel opinion, we conclude that the judge did not reversibly err in his rulings concerning discovery.

4. The issue in this case is with determination of maintainability at an early stage, in this instance before any class action procedures were permitted to begin. It is clear

Maintainability may be determined on the basis of pleadings, see Hyatt v. United Aircraft Corp., 50 F.R. D. 242 (D.C.Conn.1970), *cf*. Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972)[5] but "[t]he determination usually should be predicated on more information than the complaint itself affords." 7A Federal Practice & Procedure (Wright & Miller ed.) § 1785, p. 131. The court may, and often does, permit discovery relating to the issues involved in maintainability,[6] and a preliminary evidentiary hearing may be appropriate or essential as a part of the vital management role which the trial judge must exercise in class actions to assure that they are both meaningful and manageable. We do not accept the idea that to avoid infringing the plaintiff's and the class' right to jury trial[7] district judges must be barred from making any evidentiary inquiry;[8] we reject also the argument that the judge is inextricably bound by the face of the pleadings.

Recognizing that preliminary inquiry may be appropriate, we turn to consideration of what the scope of that inquiry should be.

First, some background. The federal courts have a particularly vital role in cases such as this. To them alone Congress has assigned the power to enforce compliance with the strictures against racial discrimination in employment under § 703(a) of Title VII.

When, as frequently is the case, the alleged discrimination has been practiced upon the plaintiff because he is a member of a class that is allegedly discriminated against, the court trying a Title VII suit bears a special responsibility in the public interest to resolve the employment dispute by determining the facts regardless of the individual plaintiff's position . . . .

Hutchings v. United States Indus., Inc., 428 F.2d 303, 310 (CA5, 1970).

The trial judge in a Title VII case bears a special responsibility in the public interest to resolve the employment dispute, for once the judicial machinery has been set in train, the proceeding takes on a public character in which remedies are devised to vindicate the policies of the Act, not merely to afford private relief to the employee.

*Id*. at 311.

At the appellate level we have made clear that we give full scope to Title VII, recognizing, as we do, that employment discrimination is "one of the most deplorable forms of discrimination known to our society, for it deals not just with an individual's sharing in the 'outer benefits' of being an American citizen, but rather the ability to provide decently for one's family in a job or profession for which he qualifies and chooses,"[9] and recognizing also that racial discrimination, which is by definition class discrimination,[10] is a particu-

---

that if the class action does proceed the ultimate failure of the plaintiff to establish his individual claim will not bar class action relief. Parham v. Southwestern Bell Tel. Co., 433 F.2d 421 (C.A.8, 1970).

5. But the provision of Rule 23(c)(1) is not to be employed as a substitute for a Rule 12 motion to dismiss. Miller v. Mackey Int'l, Inc., 452 F.2d 424 (C.A.5, 1971).

6. 7A Federal Practice & Procedure (Wright & Miller ed.), § 1785 p. 131.

7. See Mersay v. First Republic Corp., 43 F. R.D. 465, 469 (S.D.N.Y.1968) ; Vernon J. Rockler & Co. v. Graphic Enterprises, Inc., 52 F.R.D. 335, 347–348 (D.Minn.1971).

8. In *Johnson*, after noting that plaintiff was a member of his class and that his claim met the requirement of typicality, we said: "the court below, if it doubted appellant's ability to protect the interests of the class, could have had, and on remand still can have, an evidentiary hearing on the issue." 417 F.2d at 1124–1125.

9. Culpepper v. Reynolds Metals Co., 421 F. 2d 888, 891 (C.A.5, 1970), quoted with approval in Rowe v. General Motors Corp., 457 F.2d 348, 354 (C.A.5, 1972).

10. Georgia Power Co. v. EEOC, 412 F.2d 462, 468 (C.A.5, 1969).

larly virulent form of employment discrimination, because it is generally both subtle and pervasive.[11] We have applied a broad approach to standing, stressing the individual's role as private attorney general taking on the mantle of the sovereign.[12]

Second, against this background some specifics. "On the merits" is an elusive term at best, not wholly suitable as a guideline in this situation. In a sense much that a plaintiff alleges with respect to his individual claim goes to the "merits" of his claim. A plaintiff who seeks to represent all employees on a claim of discriminatory denial of promotions might, if the case goes to trial, lose on his individual claim because it turns out that he was never employed by the defendant. Retrospectively one might say he lost "on the merits." Yet there is no doubt that the court could lay bare at a preliminary stage this fact concerning the plaintiff, and, having done so, conclude plaintiff was not a proper representative because he lacked the nexus with the class and its interests and claims which is embraced in the various requirements of 23(a) and (b). It is inescapable that in some cases there will be overlap between the demands of 23(a) and (b) and the question of whether plaintiff can succeed on the merits. In neither *Johnson* nor *Mackey* was the court required to address itself to such a particularized situation. In *Mackey* the District Court's order denying the motion to proceed as a class action stated only that it was not "presently apparent" that requirements of Rule 23 were met, without defining

the respects in which compliance was lacking. On appeal this court, construing this generalized order, concluded that the District Judge "may have considered whether the petition stated a cause of action or whether [plaintiff] Miller would succeed on the merits," 452 F.2d at 427, and directed that the court should confine itself to 23(a) and (b) and not "assess the likelihood of success on the merits before approving a class action." *Id.* at 428.

Recognizing the tensions between two policies, one of which says find out about the plaintiff's claim at an early stage and the other of which says just don't find out too much, it seems to us that a class plaintiff who otherwise meets the demands of 23(a) and (b) should not be found to be disqualified solely by an advance determination that his claim is predictably not a winning claim and that, therefore, he cannot adequately represent the class as mandated by 23(a)(4).[13]

Huff asks that he be allowed a de novo preliminary-stage hearing on maintainability, since the hearing conducted was not described as such. We agree with the panel that the District Court need not hear again under a new label what it has already heard. It need only review the facts developed at the original hearing, supplemented to the extent, if any, that appears to the court to be appropriate, and, applying the correct legal standard, decide whether plaintiff has the nexus required by Rule 23 to permit him to maintain the class action (omitting, of course, that plaintiff had a "losing" claim).

---

11. Rogers v. EEOC, 454 F.2d 234, 238 (C. A.5, 1971), cert. denied, 406 U.S. 957, 92 S. Ct. 2058, 32 L.Ed.2d 343 (1972).

12. Jenkins v. United Gas Corp., 400 F.2d 28, 32 (C.A.5, 1968).

13. Other courts have attempted in various ways to resolve the tensions between the interplaying considerations involved. In Dolgow v. Anderson, 43 F.R.D. 472 (E.D.N.Y. 1968), the court ordered plaintiffs to show at an evidentiary hearing that there was "a substantial possibility that they will prevail on the merits." This approach has met with some acceptability, Milberg v. Western Pac. R. R. Co., 51 F.R.D. 280 (S.D.N.Y.), appeal dismissed for lack of appellate jurisdiction, 443 F.2d 1301 (C.A.2, 1971); City of Philadelphia v. Emhart Corp., 50 F.R.D. 232 (E.D.Pa.1970), but somewhat more disenchantment, Miller v. Mackey Int'l, Inc., *supra*, 452 F.2d at 429 n. 5; Yaffe v. Powers, 454 F.2d 1362, 1366 n. 2 (C.A.1, 1972); 7A Federal Practice & Procedure (Wright & Miller ed.) § 1785, p. 136 n. 76.

Huff asks also that if the class action may be maintained he be permitted a retrial of his individual claim along with the claims of the class. While under the peculiar circumstances the ultimate merit of his claim was prematurely tried he has, nevertheless, had his day in court on that issue, and the court need not give him a second bite at the apple.

The order of the District Court denying relief to plaintiff on his individual claim is Affirmed. The order denying to plaintiff the right to maintain the class action and dismissing the class action is Vacated and the cause is remanded to the District Court for consideration of that issue under correct legal standards, and for such other proceedings as may be appropriate.