Wilbur FRANCIS, Plaintiff-
Appellant,

v.

ALLIED SERVICE COMPANY OF TEX-
AS, INC., Defendant-Appellee.

No. 73–2213

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1973.

Rehearing Denied Nov. 19, 1973.

Clarke Gable Ward, Penny J. Brown, Houston, Tex., for plaintiff-appellant.

Louis Paine, Houston, Tex., for defendant-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Wilbur Francis was discharged by Allied Service Company of Texas, Inc. (Allied) after a one-month probationary employment period. Alleging racial discrimination in violation of 42 U.S.C. §§ 1981, 2000e et seq. (1970), he brought an action individually and on behalf of a class composed of Negro persons, who are or might be employed at Allied at its Houston facility, seeking reinstatement to his former position with back wages and declaratory and injunctive relief barring Allied's alleged discriminatory employment practices. The dis-

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

**598**

trict court entered judgment for Allied and dismissed the class action on the grounds that plaintiff had not been subjected to any unlawful employment practices or been deprived of his federally protected rights. As mandated by this court's recent decision in Huff v. N. D. Cass Company, 485 F.2d 710 (5th Cir. 1973) (en banc), which had not been decided when the court below rendered its judgment, we must affirm in part, and vacate and remand in part.

Francis, a Negro, applied for and was hired as a bus driver at Allied's Houston facility, which provided a variety of services at the Houston Intercontinental Airport. Upon receipt of reports that appellant was violating the company's safety policy against conversing with passengers, Ray Poggi, Allied's local manager, twice counseled Francis to refrain from such conduct. When the complaints continued, Poggi dispatched Luther Franklin, an Allied bus driver who served as a union steward, to accompany appellant on his bus route. Franklin, who also advised appellant to refrain from engaging his passengers in conversation, verified that Francis was continuing to disregard the management directives prohibiting such discourse. As a result, Poggi fired appellant at the end of his probationary term.

■ Francis urges on appeal that the district court erred in dismissing his class action claim under Fed.R.Civ.P. 23. At the outset, we find the district court's determination that appellant's discharge was not racially motivated to be amply supported by the record. Of the 18 persons employed at Allied's Houston facility, 14 were black. During the period of its Houston operations, Allied had discharged nine bus drivers at the end of their probationary periods, of whom 8 were white. In fact, Francis was the only black employee in any classification who had been discharged after the expiration of his probationary term. In view of the abundant forewarnings accorded appellant by management personnel and his fellow employees alike, and Allied's past employment histories,

we are unable to conclude that the district court's findings are clearly erroneous. Consequently, we affirm the entry of judgment for Allied on appellant's individual claim.

■ Nevertheless, the import of Huff v. N. D. Cass Company, *supra,* mandates that we vacate that portion of the district court's judgment dismissing the class action and remand for further proceedings consistent with that opinion. In *Huff* we held that "the standard for determining whether a plaintiff may maintain a class action is not whether he will ultimately prevail on his claim." 485 F.2d at 712 (citations omitted). Cognizant of the conflict between two competing procedural policies, "one of which says find out about the plaintiff's claim at an early stage and the other of which says just don't find out too much," we decided "that a class plaintiff who otherwise meets the demands of 23(a) and (b) should not be found to be disqualified solely by an advance determination that his claim is predictably not a winning claim and that, therefore, he cannot adequately represent the class as mandated by 23 (a)(4)." 485 F.2d at 714 (footnote omitted). In the cause *sub judice,* the district court's pretrial order reserved the question whether plaintiff could maintain the class action. No ruling was made that plaintiff's cause should proceed individually until the close of the trial on the merits and then no reasons were stated nor were any written findings filed on the class action aspects of the case. In the absence of any findings on this issue, we are unable to determine whether the trial court properly complied with the standards subsequently announced in *Huff.* Without intimating in the slightest any view of the merits, we remand this cause for further proceedings consistent therewith, in order that the district court may "review the facts developed at the original [trial], supplemented to the extent, if any, that appears to the court to be appropriate, and, applying the correct legal standards, decide whether plaintiff has

599

the nexus required by Rule 23 to permit him to maintain the class action (omitting, of course, that plaintiff has a 'losing' claim)." 485 F.2d at 714. The judgment of the district court denying relief to plaintiff on his individual claim is affirmed. The order denying to plaintiff the right to maintain the class action and dismissing the class action is vacated and the cause is remanded to the district court for consideration of that issue under correct legal standards, and for such other proceedings as may be appropriate.

Affirmed, in part and, in part, vacated and remanded.