**Betty Jane ROBERTS, Plaintiff-Appellant,**

v.

**The UNION COMPANY, Defendant-Appellee.**

No. 73–1343.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 12, 1973.

Decided Nov. 21, 1973.

William D. Wells, New York City, for plaintiff-appellant; Irwin W. Barkan, Barkan, Barkan & Neff, Columbus, Ohio, on brief.

Elsa Dik Glass, E. E. O. C., Washington, D. C., for amicus curiae; William A. Carey, Gen. Counsel, Julia P. Cooper, Associate Gen. Counsel, Beatrice Rosenberg, Joseph T. Eddins, Attys., E. E. O. C., Washington, D. C., on brief.

Eugene L. Matan, Columbus, Ohio, for defendant-appellee.

Before PECK and McCREE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This is an appeal from the dismissal of a class action brought under Title VII of the Civil Rights Act of 1964, 42 U.S. C. § 2000e et seq. The complaint charges that appellee unlawfully discriminates on the basis of sex by paying female employees lower wages than those paid to men for equivalent work, and by its refusal to employ females in its men's clothing department. The class that appellant asserts she represents is composed of all women who are the victims of this discrimination.

The company asserts that its clothing department practice is justified as a bona fide occupational qualification because persons working there are required to fit the clothing they sell, a task that may necessitate touching intimate parts of a customer's body. The company avers that many of its customers would be embarrassed by having females fit their clothing.

The district court found that appellant's lower wages were justified by her sales record and by other non-culpable factors, but did not make an express finding on the hiring policy issue and determined that appellant could not maintain the action because she had voluntarily left appellee's employ and therefore lacked standing to represent the asserted class. The district court stated, "Since the plaintiff has not been de-

prived of the right which she endeavors to enforce on behalf of a class of female employees at the Union Company, and since she is not now working at the company, she is not a member of the proposed class and has no standing in court to represent it."

We hold that the district court erred in dismissing the class aspects of the action. First, dismissal of appellant's individual claim of discrimination is not dispositive, without more, of her standing to prosecute the class action. Huff v. N. D. Cass Company of Alabama, 485 F.2d 710 (5th Cir. 1973). *See also* Parham v. Southwestern Bell Telephone, 433 F.2d 421 (8th Cir. 1970). Second, the complaint charges not only that appellee has discriminatory classification and wage policies, but also that it has a discriminatory hiring policy and, therefore, avers that the asserted class is not limited to current female employees of appellee but encompasses all females who may have been injured by appellee's discriminatory policies.

Accordingly, we vacate the judgment below and remand the case to the district court to consider whether the asserted class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. If so, the court should consider whether appellee's males only hiring policy for its men's clothing department violates Title VII of the Civil Rights Act of 1964.

The existence of a bona fide occupational qualification is an affirmative defense, and the burden is on appellee to show that its admittedly discriminatory hiring policy is justified. The Supreme Court has held that the existence of this defense is "a *matter of evidence* tending to show that the condition in question 'is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise.'" Phillips v. Martin Marietta Corp., 400 U.S. 542, 544, 91 S. Ct. 496, 498, 27 L.Ed.2d 613 (1971) (emphasis added).

Reversed and remanded for proceedings not inconsistent with this opinion.