**Minda SATTERWHITE, on behalf of herself and others similarly situated, Plaintiffs-Appellants,**

v.

**CITY OF GREENVILLE, TEXAS, Defendant-Appellee.**

No. 75–3377.

United States Court of Appeals, Fifth Circuit.

March 24, 1977.

Larry R. Daves, Tyler, Tex., for plaintiffs-appellants.

John A. Martin, Rod Phelan, Dallas, Tex., for defendant-appellee.

Before GODBOLD, SIMPSON and GEE, Circuit Judges.

GODBOLD, Circuit Judge:

Plaintiff, a female, applied for the job as manager of the Greenville, Texas, airport. The city denied her the job because of a potential conflict of interest arising from her husband's being a tenant and the primary user of the airport. A man was employed for the job.

**348**

Plaintiff filed this Tit. VII suit on behalf of herself individually and a class of present and prospective female employees of the city who are victims of its (1) discriminatory hiring policy, (2) sexually segregated job classifications, and (3) discriminatory compensation scheme. Following a hearing on the merits, the court found for the city on plaintiff's individual claim and denied her the right to proceed with a class action. We affirm the former, reverse the latter.

The trial court refused to allow the class action to proceed, "mainly upon the ground that plaintiff has failed to establish a 'nexus' because the conflict of interest issue unique to this case vitiates both the commonality of law and fact questions and the typicality of the claims and defenses." The trial court seemed to be saying that because the city has a valid affirmative defense to Satterwhite's individual claim of sex discrimination she is not representative of the class. The conflict of interest did not preclude plaintiff's membership in the class. In *Huff v. N. D. Cass Company of Alabama,* 485 F.2d 710 (CA5, 1973) (*en banc*), this court held:

> . . . a class plaintiff who otherwise meets the demands of 23(a) and (b) should not be found to be disqualified solely by an advance determination that his claim is predictably not a winning claim and that, therefore, he cannot adequately represent the class as mandated by 23(a)(4).

*Id.* at 714 (footnote omitted).

Rule 23(a) requires that in order for one to bring suit on behalf of a class the following criteria be satisfied: (1) numerosity of class, (2) common questions of law or fact, (3) typicality of claims or defenses, and (4) plaintiff will fairly and adequately represent the class. The trial court singled out numbers two and three, above, as being deficient. Plaintiff is indisputably a female who applied for a management position with the city and was denied. Her position is analogous to that of the plaintiff in *Long v. Sapp,* 502 F.2d 34 (CA5, 1974), wherein the court stated:

Having shown herself to be black and a former employee, albeit lawfully discharged, she [the plaintiff] occupies the position of one she says is suffering from the alleged discrimination. She has demonstrated the necessary nexus with the proposed class for membership therein. *Id.* at 43. *See,* Wright and Miller, Federal Practice and Procedure, §§ 1763–64 (1972) ("Plaintiff has satisfied Rule 23(a)(3) if the claims and defenses of the representatives and the members of the class . . . are based on the same legal or remedial theory." *Id.,* at § 1764, (1976 Pocket Part)). The reason for denial of the airport job to plaintiff, adverse interest, may have been unique, but this does not cause the position or plaintiff's claim to be atypical. *Huff v. Cass, supra.*

AFFIRMED in part, REVERSED in part, and REMANDED.