Carolyn **FARMER, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**WASHINGTON FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant.**

**No. GC 76–23–S.**

United States District Court, N. D. Mississippi, Greenville Division.

Oct. 17, 1979.

Johnnie E. Walls, Jr., McTeer, Walls, Bailey & Buck, Greenville, Miss., for plaintiff.

Eugene M. Bogen, Bogen & Bogen, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action sub judice has been submitted to the court for decision on the merits after a non-jury trial. This memorandum will contain the court's findings of fact and conclusions of law as required by Rule 52(a), Fed.R.Civ.P.

### I. *Nature of the Action.*

The plaintiff, Carolyn Farmer (hereafter "plaintiff") is a member of the black race and a citizen of Greenville, Washington County, Mississippi.

The defendant, Washington Federal Savings & Loan Association (hereafter "defendant") is a corporation organized and existing under and by virtue of the Laws of the United States, 12 U.S.C. § 1464. Defendant's home office and principal place of business is situated in Greenville, Mississippi (hereafter "home office"). Defendant has a branch office in the City of Clarksdale, Coahoma County, Mississippi, and one in the City of Leland, Washington County, Mississippi.

This is an action to vindicate the civil rights of plaintiff and the members of the class which she represents possessed by virtue of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; 42 U.S.C. §§ 1981 et seq. and the Thirteenth and Fourteenth Amendments to the Constitution of the United States. Plaintiff contends that defendant unlawfully discrimi-

nated against her because of her race when she applied for employment as a teller at plaintiff's home office in the Summer of 1974 and that defendant has discriminated and continues to discriminate against members of the class in its employment practices. Plaintiff's allegation of unlawful conduct has been denied and placed in issue by defendant.

## II. *The Class Action.*

Plaintiff's individual complaint was lodged against defendant's home office. She did not make an application for employment at either the Clarksdale or Leland office.

■ After a hearing on the question of whether the action might proceed as a class action on September 28, 1977, the court delivered a bench opinion which has now been transcribed and adopted by the court wherein the court granted plaintiff the right to proceed in the action against defendant's home office for the benefit of a class of individuals described therein. The opinion is made a part hereof by reference.

The order, dated September 28, 1977, directing that the class action might be maintained provides:

That the action sub judice shall be and hereby is conditionally certified as a Fed. R.Civ.P. 23(b)(2) class action on behalf of a class of persons described as follows:

(a) All black persons who have heretofore made application to defendant for employment at defendant's Greenville, Mississippi, office as an office or clerical employee and who have been refused employment on account of race; and

(b) All black persons who in the future may apply for employment at defendant's Greenville, Mississippi office as an office or clerical employee and whose application is denied on account of race.

## III. *The Facts Concerning Plaintiff's Application for Employment.*

On June 12, 1974, plaintiff happened by chance to meet her friend Mrs. Mercidees McTeer, a member of her race, on a downtown street in Greenville. They decided to visit together several financial institutions in the area and apply in person for work as a teller. They visited the office of defendant and the offices of two other financial institutions. They were not successful in their efforts to obtain employment.

At the office of defendant, they were informed that the association did not have a vacancy in the teller position and did not accept written applications unless a vacancy existed. Plaintiff testified that she followed up her personal oral application by telephone about one month after her original visit to defendant's Greenville office; that a second follow-up telephone call was made approximately three weeks after the first telephone call; that a third and final telephone follow-up call was made about two or three weeks after the second call; and that on each occasion she was informed that no vacancies existed.

## IV. *The Plaintiff's Case.*

■ In order to sustain her individual and personal action against defendant, plaintiff carries the burden imposed by the Supreme Court in cases of this nature. *See, McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

In *McDonnell Douglas,* the court held:

The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

411 U.S. at 802, 93 S.Ct. at 1824.

■ It is at once clear that plaintiff has not met the stated burden. Assuming arguendo that plaintiff, a member of a racial

minority, applied and was qualified for employment as a teller or clerical worker in a financial institution, the evidence adduced at the trial fails to show that when plaintiff made her application in June, 1974, or thereafter in follow-up calls periodically until the middle of August, 1974, there existed a vacancy in defendant's Greenville office for a teller or clerical employee, and for which defendant was taking applications.[1]

The plaintiff must therefore fail in her personal action against defendants.

### V. The Case Made for the Class.

■ The failure of plaintiff to sustain her individual and personal claim does not, however, mean that the class claims fail for that reason. The class claims must be considered separately. *Huff v. Case Company of Alabama*, 485 F.2d 710 (5th Cir. En Banc 1973); *Bolton v. Murray Envelope Corp.*, 493 F.2d 191, 194 (5th Cir. 1974).

The record reflects that as early as 1972, defendant instituted a program to insure that qualified black personnel would be brought into the association's home office operation in positions of teller and clerical workers. Assistance was solicited from leaders of the black community, and job orders were placed with the Mississippi State Employment Service with the anticipation that qualified applicants would be attracted to the association's work force.

The small number of employees at the home office renders statistical information of questionable value.

The record contains employment of administrative/clerical employees [exclusive of officers and directors]; statistics are as follows:

| Date | Total | White | Black |
|------|-------|-------|-------|
| 1/1/74 | 17 | 16–94% | 1–6% |
| 1/1/75 | 18 | 16–88% | 2–2% |
| 1/1/76 | 19 | 16–84% | 3–16% |
| 1/1/77 | 19 | 16–84% | 3–16% |
| 9/26/77 | 18 | 13–72% | 5–28% |
| 5/1/78 | 17 | 11–65% | 6–35% |

The court notes that beginning in 1974, there has been a steady increase in the employment by defendant of members of the black race in the teller, clerical and administrative positions—starting with one black employee in 1974 (6% of the work force) and continuing upward until 1978, to six black employees (35% of the work force).

■ The evidence on a whole, leads the court to the conclusion that as of the date of plaintiff's application for employment in June, 1974, defendant did not, nor has defendant since that time, discriminated by reason of race in its employment practices against members of the class represented herein by plaintiff.

### VII. Incorporation by Reference of Stipulation in Pre-Trial Order.

The pre-trial order contains certain stipulations of facts (Paragraph 7). The facts as therein stipulated are made a part of this memorandum by reference.

### CONCLUSION

The court finds that the evidence herein does not sustain the charges of racial discrimination in employment practices by defendant set forth in the complaint in regard to either the plaintiff or the class represented by her.

The clerk is directed to enter a final judgment dismissing the complaint on the merits at the costs of plaintiff.

---

1. The record reflects that defendant hired a teller on May 28, 1974, and did not seek to hire another teller until July 26, 1974. This position was filled August 1, 1974. When vacancies occurred in the teller's position, defendant filed job orders with the local office of the Mississippi State Employment Service. During the period of June, July, August, 1974, defendant did not accept written applications for the position of teller, but relied on the assistance of the Mississippi State Employment Service. Plaintiff was not registered with the employment service, was not referred by it to defendant, and the evidence is not sufficient for the court to find that any official or authorized employee of defendant had knowledge of plaintiff's desire for a position as teller during this critical period.