Velma L. SEMBACH and Patricia L. McCormick, Individually and on behalf of the Shorthand Reporter Students Legal Action Group, Plaintiffs,

v.

McMAHON COLLEGE, INC., et al., Defendants.

Civ. A. No. 76–H–819.

United States District Court,
S. D. Texas,
Houston Division.

March 31, 1982.

See also D.C., 86 F.R.D. 188.

Mark C. Watlers, W. Boone Vastine, II, Woodard, Hall & Primm, Houston, Tex., for plaintiffs.

Dennis M. Dylewski, Dyche & Wright, Houston, Tex., for defendants.

## ORDER

McDONALD, District Judge.

Pending before the Court is plaintiffs' Motion for Redefinition or Subclassing of Plaintiff Class filed pursuant to Rule 23(c)(1) and 23(c)(4)(B) of the Federal Rules of Civil Procedure. By Order of this Court of March 27, 1980, the plaintiff class was defined as "all students with loans obtained through the federally insured student loan program enrolled at McMahon College at the time of its closing." Plaintiffs note that that definition of the class includes 397 persons. Plaintiffs seek to redefine the class or have a subclass created to include an additional 38 persons who were not enrolled at McMahon College on the precise date of its closing but had withdrawn from the school shortly before such closing and who did not receive proportionate refunds of tuition payments from the school. Plaintiffs contend that 34 C.F.R. § 682.518 upon which they base their case for liability against the government would likewise entitle these additional 38 students to the relief prayed for.

Defendant Houston First American Savings Association opposes this motion. It argues first that the motion is untimely, having been filed three months after the cut off date for the filing of motions established by the then current Docket Control Order of this Court and some five years after the initiation of this lawsuit. Second, this defendant contends that the persons sought to be joined would not be able to prove any entitlement to relief from it for they voluntarily departed from McMahon College. For that reason, Houston First contends that the persons sought to be included in the class do not share common questions of law and fact with the class nor are the claims and defenses of the representative plaintiffs typical of the claims and defenses of the individuals sought to be included. Finally, this defendant asserts that the applicable Texas statute of limitations period bars the assertion of the claims by the persons sought to be included in the class and that they cannot avail themselves of Rule 15(c) of the Federal Rules of Civil Procedure permitting the relating back of amendments. For the reasons hereinafter set forth, plaintiffs' Motion for Redefinition of the Class is GRANTED and the class is divided to provide for a subclass to be composed of the persons joined by plaintiffs' motion.

By Order of March 5, 1982, this Court granted plaintiffs' Unopposed Motion for Continuance removing "its setting on the Court's trial calendar for the term of March-April, 1982," noting that there were several important pending motions, including plaintiffs' Motion for Redefinition or Subclassing of Plaintiffs' Class. A new Docket Control Order will be entered governing the filing of motions and the Court considers that no purpose will be served by merely directing the plaintiff to refile the instant motion. Although this action was commenced on May 17, 1976, the docket sheet reflects that settlement discussions were ongoing and highly possible. On June 18, 1979, plaintiffs filed their Motion for Class Action Certification. On March 27, 1980, this Court entered its Memorandum and Order defining the class. Plaintiffs have asserted in their motion that they have "recently discovered" the additional 38 persons they seek to include in the class definition. The Court recognizes that class certification motions should be filed diligently, however, under all of these circumstances, the Court considers that plaintiffs' motion is not untimely.

The Court rejects this defendant's argument that the persons sought to be joined as class members should be excluded because it considers that they will be unable to prevail in their claims against Houston First American Savings Association. It is well established that it is inappropriate for a court to try the merits of a plaintiff's claim when considering his motion for class certification. *Huff v. N. D. Cass Co.*, 485 F.2d 710 (5th Cir. 1973). Membership in a class should not be predicated on a higher standard. Plaintiffs assert that the 38 persons it seeks to join as members of its class ground their claim in part under 34 C.F.R. § 682.518; it is the same regulation upon

which the class as presently defined bases its claim for recovery against the government.* It appears to the Court that it would be highly prejudicial to deny plaintiffs' motion at this time. The better approach is to grant the motion. The merits of these contentions will be resolved at trial.

■ Finally, the Court rejects this defendant's argument that the claims of the persons sought to be included in the class are barred by the applicable statute of limitations. Compliance with a statute of limitations is determined with the filing of the complaint and not a Rule 23(c)(1) class certification order perforce issued subsequently. Relation back under Rule 15(c) is not even in issue, for a class certification order is not an amendment of the complaint, but an order permitting the plaintiff to proceed on a class basis as requested in that very complaint.

It is therefore,

ORDERED that plaintiffs' Motion for Redefinition or Subclassing of Plaintiff Class is GRANTED and the definition of the class is AMENDED and shall be defined as "all students with loans obtained through the federally insured student loan program enrolled at McMahon College at the time of its closing and those former students who withdrew from McMahon College shortly before such closing and who did not receive proportionate refunds of tuition payments from the school." That class shall be divided and a subclass shall be created defined as "all former students who withdrew from McMahon College shortly before such closing and who did not receive proportionate refunds of tuition payments from the school."

---

* The government has not filed an opposition to   plaintiffs' motion.