818 F.2d 31
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ina M. GRANT; Leroy Burden, Jr.; Clarence W. Hicks;
George D. King; Paul Larry; and Michael O'Bey,
on behalf of themselves and the class of
persons similarly situated,
Plaintiffs-Appellants,
v.
BUREAU OF FIELD SERVICES; Michigan Department of
Corrections; Michigan Department of Civil
Services, and Civil Service Commission,
Defendants- Appellees.
 No. 85-1217.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1987.
 
 Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The six plaintiffs claim that the district court erred in failing to address their motion to certify them as a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure before evaluating the merits of their individual civil rights claims brought under Title VII, 42 U.S.C. Secs. 2000e, et seq., and 42 U.S.C. Secs. 1981 and 1983. The plaintiffs further complain that in evaluating the merits, the district court erred in dismissing some of the individual claims. Because the certification issue should have been decided before turning to the merits, we reverse the district court's dismissal and summary judgment, and remand the case.
 
 
 2
 The six plaintiffs, Ina Grant, Leroy Burden, Clarence Hicks, George King, Paul Larry and Michael O'Bey, began this civil rights action in April 1981. Their, grievances included allegations of discrimination in terms and conditions of employment, discrimination in promotional opportunities, and retaliation. In March 1984 the defendants made a motion to dismiss and a motion for summary judgment. The plaintiffs responded and asked the district court to rule on their motion to certify the class before reaching the merits of the individual claims. Without deciding the motion to certify, the court, ruling from the bench, granted summary judgment against the plaintiffs and dismissed their claims. The only claim left was Paul Larry's claim for retaliation, which was subsequently dismissed without prejudice. The district court provided us with no written opinion.
 
 
 3
 On appeal the parties have provided a ponderous appendix, which, despite its volume, did not contain a copy of the transcript of the district court's opinion from the bench. The plaintiffs' counsel has done little more than point to the record and cry error. Thus, without the assistance of a written district court opinion or a useful brief from the plaintiffs' counsel, we are forced to proceed with caution.
 
 
 4
 The plaintiffs claim that the district court erred in failing to rule on the certification issue as required by Rule 23(c)(1) before deciding the merits of individual claims. That rule requires that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Fed. R. Civ. P. 23(c)(1). This requirement of determining whether a class action should be maintained is mandatory. Alexander v. Aero Lodge No. 735, Int'l Ass'n, etc., 565 F.2d 1364, 1371 (6th Cir. 1977); Senter v. General Motors Corp., 532 F.2d 511, 520 (6th Cir. 1976). The reason for requiring an examination of the certification issue before looking at the merits is that a "dismissal of [R plaintiff's] individual . claim of discrimination is not dispositive, without more, of her standing to prosecute the class action." Roberts v. Union Go., 487 F.2d 387, 389 (6th Cir. 1973) (citation omitted). At this stage it should be determined whether the plaintiff is a proper class representative, not whether he will ultimately succeed with his claim. As the Fifth Circuit has said:
 
 
 5
 Recognizing the tensions between two policies, one of which says find out about the plaintiff's claim at an early stage and the other of which says just don't find out too much, it seems to us that a class plaintiff who otherwise meets the demands of 23(a) and (b) should not be found to be disqualified solely by an advance determination that his claim is predictably not a winning claim and that, therefore, he cannot adequately represent the class as mandated by 23(a)(4).
 
 
 6
 Huff v. N.D. Cass Co. of Alabama, 485 F.2d 710, 714 (5th Cir. 1973) (en banc) (footnote omitted).
 
 
 7
 We, however, may not reverse a failure to certify unless there is "actual prejudice to the protesting party." Alexander, 565 F.2d at 1372 (citation omitted). And here the prejudice is clear. One example of actual prejudice is the district court's summary disposal of the plaintiffs' claims of discriminatory policies restricting the promotional opportunities for black employees. The district court said that this paragraph of the plaintiffs' complaint was:
 
 
 8
 subject to dismissal or summary judgment because, as the defendants quickly assert, in this Court's opinion, either without foundation as to some individual plaintiffs, for example, O'Bey and Burden, or are untimely as to other, such as Grant and Hicks and for those aforementioned reasons, [this paragraph] is dismissed in its entirety as to all plaintiffs.
 
 
 9
 The district court's reasoning is at best conclusory with respect to the plaintiffs it mentioned, but the court did not even refer to plaintiffs King and Larry. We, like King and Larry, are left wondering on what grounds, if any at all, the court disposed of these claim that could have served as a basis for the class action. The confusion is all the more problematic in view of the assertions-and the credible supporting material in the record-that King's and Larry's claims were timely. Also, because issues of material fact are to be viewed most favorably to the non-moving party, see Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962), it seems dubious to us that the district court should so quickly have concluded that the claims were meritless. 'Finally, assuming that the district court actually made these determinations, it strikes us as inappropriate for it not to have explained itself. Otherwise, what may actually be a reasonable and well-founded decision appears arbitrary-to the litigants and us.
 
 
 10
 Because the summary disposition of the plaintiffs' claims convinces us that there was actual prejudice, we reverse,--although we refer specifically to only one example of actual prejudice to the plaintiffs, our review of the record convinces us that the entire judgment is full of unanswered questions. & -he district court should have first ruled on the motion to certify the class, and should have concerned itself with whether the plaintiffs were appropriate class representatives. Only after that should the court have turned its attention to the merits.
 
 
 11
 The district court's judgment is reversed.
 
 
 12
 DAVID A. NELSON, Circuit Judge, concurring in judgment.
 
 
 13
 I agree that. the . district court's judgment must be reversed, because there seems to be no reason to suppose that at least some of the named plaintiffs do not have valid claims. I write separately to explain that I do not believe a reversal would have been required if, prior to reaching the class certification question, the district court had correctly determined that none of the individual plaintiffs ever had a meritorious claim.
 
 
 14
 Under Rule 23(a)(4) individual plaintiffs may sue on behalf of a class only if "the representative parties will fairly and adequately protect the interests of the class." Where a district court determines that the named plaintiffs' claims are without merit, those particular plaintiffs will not fairly and adequately protect the interests of the class they seek to represent (Everitt v. City of Marshall, 703 F.2d 207, 210 (5th Cir.), cert. denied, 464 U.S. 894 (1983)), and there will thus be no harm in dismissing the named plaintiffs' case without explicitly deciding the, class certification issue.
 
 
 15
 In East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395 (1977), the Supreme Court held there was no reversible error where the district court had found for the defendants on the named plaintiffs' claims and had dismissed the class claims without having addressed the certification issue prior to trial. The Supreme Court thought that the Court of Appeals for the Fifth Circuit had "plainly erred" by subsequently certifying a plaintiff class: "it was evident by the time the case reached that court that the named plaintiffs were not proper class representatives under Fed. Rule Civ. Proc. 23(a)." Id. at 403 (footnote omitted).
 
 
 16
 It is true that in Roberts v. Union Co., 487 F.2d 387 (6th Cir. 1973), a case that antedated Rodriguez and that followed a Fifth Circuit decision, Huff v. N. D. Cass Company of Alabama, 485 F.2d 710 (5th Cir. 1973), that no longer represents the law of that circuit, we held that dismissal of a plaintiff's individual claim of discrimination is not dispositive, without more, of that plaintiff's standing to prosecute the class action. In a Title VII suit decided after Rodriguez, however, we concluded, citing Rodriguez, that a black man properly held by the district court not to have been the victim of discrimination was ipso facto not a proper class representative under Rule 23(a). Shipp v. Memphis Area Office, Tennessee Department of Employment Security, 581 F.2d 1167 (6th Cir. 1978), cert. denied, 440 U.S. 980 (1979). The plaintiff in Shipp never having moved for class certification, and the district court not having certified the class sua sponte, we affirmed the dismissal of the plaintiff's individual claim, vacated a judgment in which the trial court had undertaken to decide the merits of the class claims without certification, and remanded the case with instructions that the complaint be dismissed for failure to comply with Rule 23. It seems to me that the logic of Shipp would have required us to affirm the judgment in the case at bar had it been properly determined that none of the individual plaintiffs in this case ever had a meritorious claim.
 
 
 17
 In the relatively recent case of Kim v. Commandant, Defense Language Institute, 772 F.2d 521 (9th Cir. 1985), the Court of Appeals for the Ninth Circuit affirmed the district court's action in granting summary judgment to the defendants prior to ruling on the plaintiffs' class certification request. Since the defendant "assumes the risk that summary judgment in his favor will have only stare decisis effect on the members of the putative class" if the motion is determined prior to certification, the Court of Appeals said, the sequence in which the trial court chooses to address the issues is left to the trial court's discretion. Id. at 524. A trial court does not have discretion to finesse the class certification question, however, where there has not been a supportable determination that none of the named plaintiffs has a judiciary cognizable claim. No such determination having been made in this case, I concur in the reversal of the district court's judgment.