563 F.2d 918
 15 Fair Empl.Prac.Cas. 1590, 15 Empl. Prac.
Dec. P 7882
Howard T. WALKER, on his own behalf and others similarly
situated, Appellant,
v.
WORLD TIRE CORPORATION, INC. and Robert Ross, Appellees.
 No. 76-1834.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 17, 1977.
Decided Oct. 18, 1977.
 
 Michael J. Hoare, Mid-America Employment Rights Project, St. Louis, Mo., for appellant; Susan Spiegel, St. Louis, Mo., on brief.
 Theodore D. Ponfil, Clayton, Mo., for appellees; Jerome Kalishman, Clayton, Mo., on brief.
 Before STEPHENSON and WEBSTER, Circuit Judges, and BENSON, Chief Judge.*
 WEBSTER, Circuit Judge.
 
 
 1
 The principal issue on appeal in this employment discrimination action is whether the District Court erred in denying class certification. Although we do not endorse the procedure followed by the District Court in denying certification, we conclude, on the basis of the entire record, that appellant is not a suitable class representative. Accordingly, we affirm the denial of certification.
 
 
 2
 On March 18, 1975, Howard Walker brought an action against his former employer, World Tire Corporation, and its chief executive officer, Robert Ross. The complaint alleged that World had discriminated against plaintiff and other black persons with respect to the terms and conditions of employment. Particularly, Walker claimed he was denied advancement to higher level, better paying positions, and was discharged because of race. He sought to represent a class composed of
 
 
 3
 all black persons who unsuccessfully applied or will apply for entry level and/or advanced positions with the Defendant Company or who might have applied but for the discriminatory practices complained of herein, and of all black persons who were or might be discharged by Defendant Company because of its discriminatory policies and practices.
 
 
 4
 The complaint was framed in a single count under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.[1]
 
 
 5
 On May 2, following grants of requests for extension of time, defendant Ross filed a motion to dismiss and defendant World filed its separate answer. On June 2, the District Court ordered plaintiff to file an amended complaint, with his § 1981 and Title VII claim in different counts. The amended complaint was filed on July 10, and was subject to a second motion to dismiss, which was denied on August 7. During this period, plaintiff had initiated a first round of discovery.
 
 
 6
 On August 7, the same day it denied the second motion to dismiss, the District Court, sua sponte and without notice to the parties, ruled on the class action question. The Court said:
 
 
 7
 This action was filed March 18, 1975. Plaintiff, a black man, was discharged, allegedly by reason of race discrimination. He alleges that he also represents a class. The complaint prays that the case be advanced on the docket and heard at the earliest practicable date. On August 4, 1975, we set the case for trial on October 6, 1975. To date, not only has neither party requested a certification respecting the right of plaintiff to maintain the action as a class action under Rules 23(a) and 23(b)(2), F.R.C.P., but we find nothing in the file other than the conclusory allegations of the complaint on this issue. There has been no showing of numerosity nor of plaintiff's ability to represent the class fairly and adequately. So, too, the alleged class is broadly stated to include all black persons who might in the future be affected.
 
 
 8
 Plaintiff having failed to demonstrate that the requirements of a class action have been met, IT IS HEREBY ORDERED that this action not be maintained as a class action. However, it should be borne in mind that if the facts warrant, we have both the authority and duty to frame a decree on the trial of plaintiff's claim to include injunctive and declaratory relief, sufficiently broad to enure to the benefit of the amorphous class (Cf. Brito v. Zia Company, 10 Cir., 478 F.2d 1200) without the necessity of resort to the class action device.
 
 
 9
 The case proceeded to trial on appellant's individual claim of discrimination. The evidence showed that World Tire is a very small, wholesale tire distributor, having eighteen employees at time of trial. The company was divided into two departments: the office, in which virtually all employees were white,[2] and the warehouse, in which the majority of employees were black. Walker attempted to show that he sought promotion from the position of warehouseman to the office position of tire adjuster; promotion had been denied because of his race; he had later been injured while on the job as warehouseman; and he had been discharged because he was physically no longer able to perform that job. He contended that the discharge was therefore the result of the earlier denial of a promotion.
 
 
 10
 The District Court allowed Walker unlimited use of pattern and practice evidence in support of his claim. He was allowed to introduce evidence showing in detail the racial composition of World's work force. He was allowed also to adduce evidence that World hired on a word-of-mouth basis; that the company had for thirty years bought lunches one day a week for office employees, but not for warehouse employees; that the company bought birthday cakes for white office employees, but for the black office employees only on demand; that a black employee was once disciplined for having an outside business, while white employees were not; that a black employee was once refused use of a company vehicle, while a white employee was not; that sports tickets were inequitably distributed; that the company maintained a kitchen for office employees that warehouse employees and the one black office employee were not allowed to use; and that, at an earlier location the company maintained separate bathrooms for warehouse and office employees.
 
 
 11
 World defended by attempting to prove it did not engage in discrimination, and that plaintiff's individual claim was without merit because he had never sought and was unqualified for the tire adjuster position that he claims he was improperly denied. The District Court, in findings of fact that appellant does not challenge, found for World on the promotion and discharge issue. It denied appellant all relief. This appeal followed.
 
 
 12
 Appellant's principal contention is that the District Court abused its discretion in denying class status on its own motion and without notice to the parties or a hearing on the issue. It is true that under Fed.R.Civ.P. 23(c) an order determining whether an action should proceed as a class action should be entered "(a)s soon as practicable after the commencement of an action." If the parties have not moved for a ruling on certification within an appropriate time, an early decision on the issue can be achieved only if the district court acts sua sponte. Senter v. General Motors Corp., 532 F.2d 511, 521-22 (6th Cir. 1976); Garrett v. City of Hamtramck, 503 F.2d 1236, 1243 (6th Cir. 1974); Castro v. Beecher, 459 F.2d 725, 731 (1st Cir. 1972). See also East Texas Motor Freight System Inc. v. Rodriguez, 431 U.S. 395, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977).
 
 
 13
 It does not follow, however, that in a non-frivolous case a district court may rule on the class action question without affording the parties notice and an opportunity to make a record on the issue. The propriety of class action status can seldom be determined on the basis of the pleadings alone. See Jones v. Diamond, 519 F.2d 1090, 1099 (5th Cir. 1975); Weathers v. Peters Realty Corp., 499 F.2d 1197, 1200 (6th Cir. 1974); Huff v. N.D. Cass Co. of Alabama, 485 F.2d 710, 713 (5th Cir. 1973). The District Court must have before it "sufficient material . . . to determine the nature of the allegations, and rule on compliance with the Rule's requirements . . . ." Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975), cert. denied, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). Securing this material does not always require a formal evidentiary hearing. See Jones v. Diamond, supra, 519 F.2d at 1098-99. Where, however, the pleadings themselves do not conclusively show whether the Rule 23 requirements are met, the parties must be afforded the opportunity to discover and present documentary evidence on the issue.
 
 
 14
 There is nothing in the pleadings here conclusively resolving the class action question. The District Court, in denying class action status, placed emphasis upon the failure of either party to request certification, coupled with the absence of anything then in the record to support the "conclusory allegations of the complaint. There has been no showing of numerosity nor of plaintiff's ability to represent the class fairly and adequately."
 
 
 15
 At the time of the sua sponte order four and one-half months had passed since the filing of the original complaint.[3] The pleadings, however, were not yet in final form. The named representative had begun a first round of discovery. It could not be conclusively determined, in these circumstances, that the named plaintiff was an inadequate class representative. The District Court should have allowed appellant an opportunity to prove that class action status should be granted.
 
 
 16
 This does not mean that this Court should now, as appellant would have us do, either certify the class or remand for further proceedings on the class issue. The case went to trial on the merits of appellant's individual claim. The record of that trial is available to us in reviewing the denial of class status. See East Texas Motor Freight System Inc. v. Rodriguez, supra, 431 U.S. at 406, 97 S.Ct. at 1898 n.12. We conclude, on the basis of the trial record, that appellant is neither a member of the aggrieved class nor a suitable class representative.
 
 
 17
 East Texas Motor Freight System Inc. v. Rodriguez, supra, is illustrative. There, the District Court dismissed the class allegation in a suit brought by three city truck drivers who claimed that their employer's discriminatory seniority system denied them positions as line-drivers. The District Court also ruled for the employer on the merits, finding that the named plaintiffs had not met the qualifications for the line-driver position. On appeal, the Fifth Circuit certified a class, found liability on the part of the company, and remanded for determination of relief due. It did not disturb the District Court's finding that the named plaintiffs were not then qualified as line-drivers. The Supreme Court reversed the judgment of the Fifth Circuit, attaching crucial importance to the named plaintiffs' failure on the merits.
 
 
 18
 In short, the trial court proceedings made clear that Rodriguez, Perez, and Herrera were not members of the class of discriminatees they purported to represent. As this Court has repeatedly held, a class representative must be part of the class and "possess the same interest and suffer the same injury" as the class members. . . . The District Court found upon abundant evidence that these plaintiffs lacked the qualifications to be hired as line drivers. Thus, they could have suffered no injury as a result of the alleged discriminatory practices, and they were, therefore, simply not eligible to represent a class of persons who did allegedly suffer injury.
 
 
 19
 431 U.S. at 403 - 404, 97 S.Ct. at 1896-97 (footnote and citations omitted).[4]
 
 
 20
 In this case, appellant was found not to be the victim of discrimination in promotion and discharge. He thus is not a member of a class of those who could claim to have been victims of such discrimination. While appellant's delay in seeking certification is not conclusive of his adequacy as representative, it does at least additionally suggest that Sanders would not "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4); East Texas Motor Freight Systems, Inc. v. Rodriguez, supra, 431 U.S. at 405, 97 S.Ct. at 1897.
 
 
 21
 Appellant asserts that he has presented throughout this action other class-based claims on his own behalf in support of his claim to represent the class. The record shows otherwise.
 
 
 22
 Appellant's pleadings allowed him to prove at trial any discriminatory acts against him that occurred within the applicable limitation period. Nonetheless, when the District Court said at trial, "What we are concerned with here in this lawsuit as presently constituted is whether or not there has been invidious discrimination against this plaintiff in not promoting him to tire adjustor and that's all we're concerned with," appellant did not object. Appellant's evidence related solely to his claims of discrimination in promotion. In his proposed findings of fact and conclusions of law, the only injury plaintiff alleged on his own behalf was the claimed improper refusal of promotion and his subsequent discharge. There is nothing in the record to show that plaintiff himself claimed recovery for any of the other claimed discriminatory policies.[5]
 
 
 23
 Thus appellant, with an opportunity to litigate claims of discrimination against him in any form, tried only his claim based upon failure to promote and his subsequent discharge. He may not now assert that he was the victim of other discriminatory policies, simply in order to represent a class of which he would otherwise not be a member.
 
 
 24
 Therefore, while we do not approve the procedure followed by the District Court in denying certification, we conclude, on the basis of the entire record, that class certification at this point would be inappropriate. Because appellant has not shown error in the disposition of his individual claim, the judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable Paul Benson, Chief Judge, United States District Court, District of North Dakota, sitting by designation
 
 
 [1]
 Appellant did not file a charge with the Equal Employment Opportunity Commission within 180 days of discharge, as required by 42 U.S.C. § 2000e-5(e). His alleged justification for failure to meet this requirement was the pendency of a grievance proceeding in which he raised the same claim. The Supreme Court has held that this does not excuse compliance with the 180-day jurisdictional requirement. International Union of Electrical, Radio & Machine Workers v. Robbins & Myers, Inc., 429 U.S. 229, 239-40, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976) (construing the earlier 90-day limitation). Appellant concedes that the Title VII issues are therefore no longer in the case
 
 
 [2]
 The only significant exception is Hershel Walker, the warehouse manager. Hershel Walker was technically an office department employee, but his office was in the warehouse. In addition, after Howard Walker's employment was terminated, a second black person, Bobby Hall, was hired as Mr. Hershel Walker's assistant. He, too, was considered to be an office department employee but his office was also in the warehouse
 
 
 [3]
 The Eastern District of Missouri has no local rule requiring a motion for certification within a specified time, so appellant was not in violation of any rule of procedure
 
 
 [4]
 East Texas Motor Freight is consistent with the earlier decision of this Court in Wright v. Stone Container Corp., 524 F.2d 1058 (8th Cir. 1975). There, it was held that the named plaintiff's failure on the merits is a consideration in determining whether to remand for class proceedings. To remand, this Court held, would be "to foist upon the class a representative who would not himself be a member of the class." 524 F.2d at 1062
 
 
 [5]
 As indicated above, appellant was allowed to produce at trial evidence of alleged discriminatory policies on behalf of the employer. His theory of admissibility, however, was that this was patterns and practices evidence, admissible in proof of his discharge claim. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Donaldson v. Pillsbury Co., 554 F.2d 825, 833 (8th Cir. 1977). He did not prove that he was adversely affected by any of these policies, or was entitled to relief because of them. The instant case is not controlled by Donaldson v. Pillsbury Co., supra. There, the District Court denied the plaintiff the benefit of her pattern and practice evidence; here, appellant was allowed full use of such evidence