**Minda SATTERWHITE, on behalf of herself and others similarly situated, Plaintiffs-Appellants,**

v.

**CITY OF GREENVILLE, TEXAS, Defendant-Appellee.**

No. 75–3377.

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1978.

---

Larry R. Daves, Tyler, Tex., for plaintiffs-appellants.

Paul Mirengoff, Atty., E.E.O.C., Washington, D. C., amicus curiae.

John A. Martin, Rod Phelan, Dallas, Tex., for defendant-appellee.

Douglas S. McDowell (Equal Employment Advisory Council), Washington, D. C., amicus curiae.

Before BROWN, Chief Judge, and COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, SIMPSON, MORGAN, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY and RUBIN, Circuit Judges,[*]

ALVIN B. RUBIN, Circuit Judge:

The appeal in this case, originally filed as a class action, raises the question whether Article III[1] of the Constitution and Rule 23,[2] Federal Rules of Civil Procedure, permit a named plaintiff whose individual claim has been properly dismissed on the merits to represent a putative class where the district court, prior to the loss of the individual claim, denied certification of the class without conducting an adequate hearing.

Minda Satterwhite, the named plaintiff, applied for the position of manager of Greenville's municipal airport. She was denied that office on the asserted basis that she would have a conflict of interest because her husband's business was the primary user of the airport. After a male was hired, she filed a class action on behalf of all present and prospective female employees of the city allegedly victimized by (1) a discriminatory hiring policy, (2) sexually segregated job classifications, and (3) a discriminatory compensation scheme, in violation of Title VII, 42 U.S.C. § 2000e, et seq.

Mrs. Satterwhite moved for certification of the class without introducing any evidentiary material with respect to its maintainability other than a computer printout of city employees indicating their position and gender. On February 4, 1975, without conducting an evidentiary hearing, the district court denied certification. After the later trial on the merits of Mrs. Satterwhite's individual claim, the court entered judgment for the city, *Satterwhite v. City of Greenville, Tex.*, N.D.Tex.1975, 395 F.Supp. 698, on the basis that a male applicant with a similar conflict of interest would likewise have been denied the position. A panel of this court affirmed on the merits with respect to her individual claim, but reversed the denial of class certification. *Satterwhite v. City of Greenville, Tex.*, 5 Cir. 1977, 549 F.2d 347.

---

1. We are mindful that, with respect to Civil Rights Acts, including Title VII, 42 U.S.C. § 2000e, et seq., there is a " 'congressional intention to define standing as broadly as is permitted by Article III of the Constitution,' " *Trafficante v. Metropolitan Life Ins. Co.*, 1972, 409 U.S. 205, 209, 93 S.Ct. 364, 367, 34 L.Ed.2d 415, quoting *Hackett v. McGuire Bros., Inc.*, 3 Cir. 1971, 445 F.2d 442, 446.

2. The adequacy-of-representation requirement derives from the due process protections due those who are not before the court but will be directly bound by its decree. *Hansberry v. Lee*, 1940, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22; *Gonzales v. Cassidy*, 5 Cir. 1973, 474 F.2d 67, 72; *Clark v. So. Central Bell Tel. Co.*, W.D.La. 1976, 419 F.Supp. 697, 701.

Upon rehearing, a divided panel vacated its prior decision with respect to the class action issues, *Satterwhite v. City of Greenville, Tex.*, 5 Cir. 1977, 557 F.2d 414. It found that the district court had failed to conduct an adequate evidentiary hearing with respect to maintainability, and that Article III and Rule 23 would permit Mrs. Satterwhite to represent the class notwithstanding the loss of her individual claim if: the denial of certification was improper under the circumstances existing at the time of the ruling;[3] the putative class members presently have sufficient interest in the outcome of the litigation to serve as Article III plaintiffs; and Mrs. Satterwhite can still adequately represent that class, notwithstanding her loss on her individual claim. Finding the record insufficient to permit it to decide whether these criteria were satisfied, the panel remanded for an evidentiary hearing. For reasons detailed in this opinion, the panel opinion is vacated, and we conclude that, on the record as a whole, Mrs. Satterwhite is not a proper class representative because she neither has claims typical of the members of the class nor has an adequate common interest or nexus with them. Therefore, the judgment of the trial court dismissing the class claims is affirmed. Because, under these circumstances, the class action cannot meet the requirements of Rule 23, Federal Rules of Civil Procedure, we need not reach the issue whether the plaintiff has the requisite standing to sue under Article III, Section 2 of the Constitution.

## I.

As the panel correctly perceived, our course must be charted by the recent Supreme Court decisions in *Sosna v. Iowa*, 1975, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532, and *Franks v. Bowman Transportation Co., Inc.*, 1976, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444. Unlike the panel, however, we conclude that our destination is determined by *East Texas Motor Freight System Inc. v. Rodriguez*, 1977, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453.

In both *Sosna* and *Franks* the court considered separately each of the issues involved here, constitutional standing to sue, and adequacy of the class representative. In each case, a class had been properly certified by the district court, but the claims of the individuals who sought to represent the class had become moot during the appellate process. The court reasoned that certification bestows upon the class a "legal status separate from the interest asserted by [the named representative]." *Sosna, supra*, 419 U.S. at 399, 95 S.Ct. at 557. Hence, if unnamed class members maintain a personal stake in the outcome, a live controversy satisfying the requirements of Article III exists. *Franks, supra*, 424 U.S. at 756–57, 96 S.Ct. at 1260; *Sosna, supra*, 419 U.S. at 402, 95 S.Ct. at 559. The court then determined that the named representatives would "fairly and adequately protect the interests of the class," as required by Rule 23(a), F.R.C.P., notwithstanding the mootness of their individual claims.[4]

In *Rodriguez, supra*, the putative class had never been certified, and it had been determined upon trial that the named representative-plaintiffs' individual claims were without merit. This court certified the class while the case was on appeal. The

---

3. The panel was concerned with the facts existing at the time when the court could reasonably have been expected to rule, which, in this case, was February 4, 1975, the date of the actual ruling. 557 F.2d at 422 n. 18.

4. *Sosna, supra*, 419 U.S. at 403, 95 S.Ct. at 559. In *Sosna*, the claim was one "capable of repetition, yet evading review." 419 U.S. at 400–01, 95 S.Ct. at 558. Hence, if a representative with a moot claim could not be deemed adequate for Rule 23 purposes, the controversy might never be adjudicated. *See also Gerstein v. Pugh*, 1975, 420 U.S. 103, 110 n. 11, 95 S.Ct. 854, 861, 43 L.Ed.2d 54; *Frost v. Weinberger*, 2 Cir. 1975, 515 F.2d 57, 64. However, the court in *Franks* held, "nothing in our *Sosna* or *Board of School Comm'rs* [*v. Jacobs*, 1975, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74] opinions holds or even intimates that the fact the named plaintiff no longer has a personal stake in the outcome of a certified class action renders the class action moot unless there remains an issue 'capable of repetition, yet evading review.'" 424 U.S. at 754, 96 S.Ct. at 1259.

Supreme Court reversed, "for the simple reason that it was evident by the time the case reached [the Court of Appeals] that the named plaintiffs were not proper class representatives under Fed.Rule Civ.Proc. 23(a)," because they "were not members of the class of discriminatees they purported to represent . . . [A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." 395 U.S. at 403, 97 S.Ct. at 1896. Thus, in *Rodriguez* the court based its decision on the failure of the class representatives to meet the requirements of Rule 23 and did not consider the question of standing.

▆▆▆ Similarly, it is now apparent that Mrs. Satterwhite is not a member of the class of discriminatees she seeks to represent. Unlike the individual representatives in *Sosna* and *Franks*, who suffered the same injury as other class members, but whose claims were mooted before the appellate process was exhausted, Mrs. Satterwhite has never suffered any legally cognizable injury either in common with the class or otherwise.[5] That Mrs. Satterwhite's individual claim lacks merit does not, of course, determine that she cannot adequately represent the class, but her lack of nexus with, and membership in, the class is fatal. She is not an employee of the city, and she has neither alleged in her complaint nor proved at the trial any facts indicating that she has herself been injured or will be injured by any of the policies that she complains of other than those relating to her airport manager claim now shown to be untenable. This court has affirmed that Mrs. Satterwhite was not the victim of discrimination on the part of the defendant.

Hence, she is not at present a member of the class, and we now know that she was not a member even at the time that suit was filed, *see Payne v. Travenol Laboratories, Inc.*, 5 Cir. 1978, 565 F.2d 895, 898, amended, March 23, 1978; *Thurston v. Dekle*, 5 Cir. 1976, 531 F.2d 1264, 1269–1270. It is this lack of nexus, rather than a lack of merit to her claim of discrimination, that proves she is not a proper class representative. See *Long v. Sapp*, 5 Cir. 1974, 502 F.2d 34, 42.

There may be instances where a plaintiff whose individual claim has been lost retains a personal stake in the outcome of the suit, or a "sufficient homogeneity of interests" with the class to represent it, *Sosna, supra,* 419 U.S. at 403 n. 13, 95 S.Ct. at 559. For example, a female employee qualified for promotion, but passed over in favor of a more qualified male, may complain of a policy of not promoting females that threatens to injure her in the foreseeable future. *Compare Horn v. Associated Wholesale Grocers, Inc.*, 10 Cir. 1977, 555 F.2d 270, 276–277, and cases cited therein; *Donaldson v. Pillsbury Co.*, 8 Cir. 1977, 554 F.2d 825, 831 n. 5, *cert. denied*, 1977, 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128, and cases cited therein; *Moss v. Lane Co., Inc.*, 4 Cir. 1973, 471 F.2d 853, 855 (cited with approval in *Rodriguez, supra,* 97 S.Ct. at 1898 n. 12); with *Rodriguez, supra,* and *Walker v. World Tire Corp., Inc.*, 8 Cir. 1977, 563 F.2d 918, 922.[6] But Mrs. Satterwhite now lacks any such tie to the class.

## II.

Mrs. Satterwhite contends that, even though it is now known that she has never

---

**5.** We agree with the panel that it is irrelevant whether mootness is "fact-created," as in *Sosna*, or created by application of law, as in *Franks* or *Satterwhite*. 557 F.2d at 418 n. 10. But, as the panel noted, "the reason why a named plaintiff's claim has been eliminated may concurrently, though not necessarily, have an impact on the adequacy of his further representation of the class under Rule 23(a)(4)." *Id.*

**6.** In *McBride v. Delta Air Lines, Inc.*, 6 Cir. 1977, 551 F.2d 113, the Court of Appeals, without discussion of the mootness problem, re-

manded for the lower court to correct its error in denying certification but affirmed the lower court's dismissal of the representative's individual claims. The Supreme Court, without considering the merits of the court's actions, vacated and remanded to the Court of Appeals for further consideration in light of *Rodriguez*; 434 U.S. 916, 98 S.Ct. 387, 54 L.Ed.2d 273. For reasons indicated in this opinion, the Court of Appeals' decision in *McBride* is not necessarily inconsistent with the Supreme Court's decision in *Rodriguez*.

been a class member, the trial court could not know this at the time of the initial certification decision. Thus, Mrs. Satterwhite argues that, because the failure to accord an evidentiary hearing was error and because, on remand, she could establish that such a hearing would have resulted in certification of the class with her as representative, the class must now be certified so that she can proceed to represent it as she would have been able to had events proceeded on the road they did not take. That alleged error must be corrected. If she is shown as a result of later events (now already known) to be an inappropriate representative, the defendant might move to decertify on that basis. *See Guerine v. J & W Investment, Inc.*, 5 Cir. 1977, 544 F.2d 863, 864; *Gonzales v. Cassidy*, 5 Cir. 1973, 474 F.2d 67, 73.

We assume, *arguendo*, that, had an evidentiary hearing been held on February 4, 1975, as it should have been, Mrs. Satterwhite would have been declared an appropriate representative and the class have been certified. *See, e. g., Payne v. Travenol Laboratories, Inc.*, supra, 565 F.2d at 900; *Johnson v. Georgia Highway Express, Inc.*, 5 Cir. 1969, 417 F.2d 1122, 1124. However, this did not occur and the class was never created. At this stage, it would be an imposition on the litigants and the trial court to require them to engage in academic error-correcting. The Supreme Court, in *Rodriguez*, specifically stated, "Where no class has been certified . . . and the class claims remain to be tried, the

decision whether the named plaintiffs should represent a class is appropriately made on the full record, *including the facts developed at the trial of the plaintiffs' individual claims." Rodriguez, supra*, 431 U.S. at 406 n. 12, 97 S.Ct. at 1898 (emphasis added). Hence, in determining whether Mrs. Satterwhite might now represent the class, we must consider the court's determination that Satterwhite was not the victim of discrimination. Even if she would have appeared to be an appropriate representative on February 4, 1975, she is not now an appropriate representative. *See* note 11 *infra*. This defect is fatal regardless whether the issue is raised by motion to certify, *Sosna, supra*; *McLaughlin v. Hoffman*, 5 Cir. 1977, 547 F.2d 918, 921 n. 4, or motion to decertify, *Guerine, supra*.

*Rodriguez* cannot be distinguished on the basis that, unlike the plaintiffs in *Rodriguez*, Mrs. Satterwhite moved for certification. Whatever plausibility this suggestion might have if the plaintiff had been the victim of judicial error beyond her control, the plaintiff herself failed even to seek an evidentiary hearing, or to make any offer of proof as to the appropriateness of a class action.[7]

The panel thought "that *Rodriguez'* reliance upon the named plaintiffs' loss on the merits does not apply to a situation where an appropriate [favorable] certification decision would have preceded the individual plaintiff's loss on the merits." 557 F.2d at 422 (footnote omitted).[8] We

---

7. The court is required to conduct such a hearing without motion from counsel, *Gore v. Turner*, 5 Cir. 1977, 563 F.2d 159, 165; *U. S. v. U. S. Steel Corp.*, 5 Cir. 1975, 520 F.2d 1043, 1052, *cert. denied*, 429 U.S. 817, 97 S.Ct. 61, 50 L.Ed.2d 77; 7A Wright & Miller, Federal Practice & Procedure: Civil § 1785 (1972). But we must assume that the court would have fulfilled its responsibility had it received a request for a hearing from plaintiff.

8. We agree with the panel that *Rodriguez* is not contrary to the teaching of *Long v. Sapp*, 5 Cir. 1974, 502 F.2d 34, and *Huff v. N. D. Cass Co. of Alabama*, 5 Cir. 1973, 485 F.2d 710, 712–714 (*en banc*). The lack of merit of the representative's claim is not determinative in and of itself of the adequacy of his representa-

tion for Rule 23 purposes. *Rodriguez* involved named plaintiffs who lacked a nexus with the class as a result of the lack of merit of their individual claims. As we noted earlier in the opinion, a plaintiff without a viable claim may, in appropriate circumstances, act as class representative, provided he or she is a member of the class and maintains a sufficient homogeneity of interests at every moment of the litigation.

Nor is *Rodriguez* or this opinion contrary to the policy favoring "across the board" Title VII class actions. *See Johnson v. Ga. Highway Express*, supra. It is not necessary that the representative suffer discrimination in the same way as other class members, but it is

need not speculate whether, in *Rodriguez,* a hearing would or would not have resulted in certification; *Rodriguez* was not remanded for that determination. There, as here, the court knew through data garnered at the trial of the individual claims that the plaintiffs had never been appropriate representatives.[9]

The court in *Rodriguez, supra,* 431 U.S. at 406 n. 12, 97 S.Ct. at 1898 n. 12, recognized,

Obviously, a different case would be presented if the District Court had certified a class and only later had it appeared that the named plaintiffs were not class members or were otherwise inappropriate class representatives. *In such a case, the class claims would have already been tried,* and, provided the initial certification was proper and decertification not appropriate, the claims of the class members would not need to be mooted or destroyed because subsequent events or the proof at trial had undermined the named plaintiffs' individual claims. *See, e. g., Franks v. Bowman* . . . . (Emphasis added.)

█ Unlike the panel, we do not find present here this different case, postulated in *Rodriguez* and presented in *Franks* and *Sosna.* The putative class here was never certified and the class claims were never tried. Where a class is certified, and class claims tried, before the lack of merit or mootness of the representative's claim is discovered, the class representative has already assiduously asserted the claims of the constituents. The conservation of both litigants' and judicial resources makes it desirable not only to avoid abortion of the litigation but also to prevent prejudice to the members of a certified class who, in the midst of a law suit, suddenly discover that their representative's claim is no longer viable. Here, no evidence concerning the claims of the putative class members has ever been introduced; members of the class have never relied upon the representative to try their claims and no one is bound by a judgment in the suit. Therefore, there is no reason for ignoring the would-be-representative's lack of a viable claim in determining whether to certify the class. *See Rodriguez, Id.*

The courts in *Sosna* and *Franks* were concerned with more than a metaphysical proposition when they concluded that certification bestows a "legal status" upon the class apart from the interest asserted by the representative. *See Sosna, supra,* 419 U.S. at 399 n. 8, 95 S.Ct. at 557. It does not suffice that such a certification *would have been* accorded but for some error; it was not; hence, there is no reliance by class members to consider. In *Kremens v. Bartley,* 1977, 431 U.S. 119, 132–133, 97 S.Ct. 1709, 1717, 52 L.Ed.2d 184, the Supreme Court specifically stated, "[I]t is only a 'properly certified' class that may succeed to the adversary position of a named representative whose claim becomes moot." In *Board of School Commissioners of City of Indianapolis v. Jacobs,* 1975, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74, where the plaintiffs' claim had become moot during the appellate process, and the district court had neither defined nor certified the class, the Supreme Court considered itself compelled to dismiss the case. *See Walker v. World Tire Corp., Inc.,* 8 Cir. 1977, 563 F.2d 918; *Kuahulu v. Employers Ins. of Wausau,* 9 Cir. 1977, 557 F.2d 1334, where the courts, faced with facts similar in all relevant respects to those presented here, dismissed the appeals as moot. *See also Pasadena*

---

necessary that she suffer from the discrimination in some respect. *See Long v. Sapp, supra.*

**9.** The *Rodriguez* plaintiffs had stipulated prior to trial that they had not been discriminated against when first hired and contended only that the failure to consider their line-driver applications constituted discrimination. But it was not determined until trial that they were not discriminated against with respect to their line-driver applications, and their stipulation was sufficient to preclude their membership in,

or representation of, a class consisting of "all Negroes and Mexican Americans who had been denied equal employment opportunities with the company because of their race or national origin." The Supreme Court stated, "In short, *the trial court proceedings* made clear that [the representatives] were not members of the class of discriminatees they purported to represent." 395 U.S. at 403, 97 S.Ct. at 1896 (emphasis added).

*City Board of Education v. Spangler*, 1976, 427 U.S. 424, 430, 96 S.Ct. 2697, 2702, 49 L.Ed.2d 599; *Baxter v. Palmigiano*, 1976, 425 U.S. 308, 310 n. 1, 96 S.Ct. 1551, 1554, 47 L.Ed.2d 810; *Vun Cannon v. Breed*, 9 Cir. 1977, 565 F.2d 1096, 1098; *Winokur v. Bell Federal Sav. & Loan Ass'n*, 7 Cir. 1977, 560 F.2d 271, 277; *Lasky v. Quinlan*, 2 Cir. 1977, 558 F.2d 1133, 1137; *Boyd v. Justices of Sp. Term*, 2 Cir. 1976, 546 F.2d 526, 527; *Napier v. Gertrude*, 10 Cir. 1976, 542 F.2d 825, *cert. denied*, 1977, 429 U.S. 1049, 97 S.Ct. 759, 50 L.Ed.2d 765. *Compare Walker v. Hughes*, 6 Cir. 1977, 558 F.2d 1247, 1249 n. 2; *McGill v. Parsons*, 5 Cir. 1976, 532 F.2d 484, 488.

■■■■ The court in *Kuahulu* stressed, as we must here, that its holding is "very narrow." The application of the mootness doctrine in the class action context "to a large extent, depends on the idiosyncrasies of each case," *Kuahulu, supra*, at 1337. *Accord, Franks, supra*, 424 U.S. at 755, 96 S.Ct. at 1260. Here the district court has never adequately considered the certification issue. Our decision here, like decisions in *Jacobs, supra*; *Walker v. World Tire, supra*; and *Kuahulu, supra*, "does not require an automatic dismissal in every case where the district court has failed to certify the class before the representative's claim has become moot," *Kuahulu, supra*, at 1337. *See Geraghty v. U.S. Parole Comm.*, 3 Cir. March 9, 1978, 579 F.2d 238. Conversely, dismissal may be required in some cases where certification preceded the mootness of the individual claim. *See Kremens, supra.*

■■■ As the court in *Sosna* noted, "There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case . . . ." 419 U.S. at 402 n. 11, 95 S.Ct. at 559. *See also Weinstein v. Bradford*, 1975, 423 U.S.ʼ 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350; *Gerstein, supra*; *Vun Cannon, supra*, 565 F.2d at 1100 n. 6; *Gardner v. Westinghouse Broadcasting Co.*, 3 Cir. 1977, 559 F.2d 209, 215–219 (Seitz, J., concurring), aff'd, 1978, —— U.S. ——, 98 S.Ct. 2451, 57 L.Ed.2d 364; *Basel v. Knebel*, 1977, 179 U.S.App.D.C. 209, 211, 551 F.2d 395, 397 n. 1; *Zurak v. Regan*, 2 Cir. 1977, 550 F.2d 86, 91–92, *cert. denied*, 1977, 433 U.S. 914, 97 S.Ct. 2988, 53 L.Ed.2d 1101; *So. Bell Tel. & Tel. Co. v. U. S.*, 5 Cir. 1976, 541 F.2d 1151, 1154–1155; *Frost v. Weinberger*, 2 Cir. 1975, 515 F.2d 57, 64, *cert. denied*, 1976, 424 U.S. 958, 96 S.Ct. 1435, 47 L.Ed.2d 364; *Cicchetti v. Lucey*, 1 Cir. 1975, 514 F.2d 362, 367.

■■■ There is a distinction, too, from the case in which, after an appropriate certification hearing, the court, through no fault of the plaintiff, improperly denies certification and the plaintiff subsequently loses on the merits of his individual claim.[10] *See*

---

**10.** Where the representative's claim becomes moot prior to the appellate decision, there are several reasons for allowing the class to continue if a hearing has been held and certification improperly denied by a court; these reasons are not present in this case. First, in those cases, a record has been made, hence any *post hoc* determination concerning the original maintainability of the class can be made without speculation. Second, if there is a hearing, plaintiff shares no responsibility for the court's error; whereas his failure to move for certification or for a hearing bears on the adequacy of his representation, *Rodriguez, supra*, 395 U.S. at 405, 97 S.Ct. at 1897; *see also Gore v. Turner*, 5 Cir. 1977, 563 F.2d 159, 166 n. 3. Because of the restrictions on interlocutory appeals from class certification denials, *see Coopers & Lybrand v. Livesay (and Livesay)*, 1978,

—— U.S. ——, 98 S.Ct. 2454, 57 L.Ed.2d 351, and *Gardner v. Westinghouse Broadcasting Co.*, 1978, —— U.S. ——, 98 S.Ct. 2451, 57 L.Ed.2d 364, the error of law by the trial court will go uncorrected if the case is dismissed when the representative's claim becomes moot. In the present case, the failure to provide a hearing may go uncorrected, but plaintiff had the opportunity to avoid that error by timely seeking a hearing. Moreover, once certification was denied without a hearing, plaintiff had a meaningful opportunity to have the error corrected through an appropriate motion to reconsider addressed to the trial court. For these reasons, if the representative seeks a hearing but the court fails to provide one, the equities favor allowing, whenever Article III permits, either an immediate appeal from the denial of certification or belated certification,

*Geraghty, supra*; *see also Horn v. Associated Wholesale Grocers, Inc.*, 10 Cir. 1977, 555 F.2d 270, 276–277; *Donaldson v. Pillsbury Co., supra*, 554 F.2d at 831 n. 5, all allowing the class action to continue. *Compare Jacobs, supra*; *Vun Cannon, supra*; *Kuahulu, supra*; *Walker v. World Tire, supra*; *Inmates v. Owens*, 4 Cir. 1977, 561 F.2d 560, 562; *Banks v. Multi-Family Management, Inc.*, 4 Cir. 1977, 554 F.2d 127, 128–9; *Boyd v. Justices of Sp. Term, supra*, 546 F.2d at 527; *Napier, supra*, 542 F.2d at 827, where no adequate hearing was held or a determination was not made at all, and the putative class was not permitted to proceed. *But see Winokur, supra*, 560 F.2d at 277, where the court suggested that the denial of certification is fatal, even if erroneous, unless the named party maintains an interest in the controversy.

■ Moreover, there will also be situations such as those presented in our *en banc* decision in *Huff v. N. D. Cass Co. of Alabama*, 5 Cir. 1973, 485 F.2d 710, where we held that the trial court erred by determining at the outset of the litigation that the representative's claim was without merit, and by denying certification on that basis. *Id.* at 714–15.[11] We required that this error be remedied by a certification determination where plaintiff's nexus with the class could be assayed without regard to the lack of merit of his individual claim. It is a different matter to consider a valid judgment entered against the representative's individual claim after trial on the merits as one *factor* in determining whether she has a continuing nexus with the class. *See Long v. Sapp, supra*; *see also Napier v. Gertrude, supra.*

Whatever decision the district court should have reached in February, 1975, on the basis of appearances, Mrs. Satterwhite was not then and is not now an appropriate representative. As no other champion has come forward and as the uncertified class lacks the stake in the controversy that a previously certified class might possess under *Franks* and *Sosna* the class action must be dismissed.

## III.

The result we reach is mandated by Rule 23(a)(4), F.R.C.P.; neither the equities nor concern for avoiding undue prejudice to the rights of putative class members militate in favor of another result.

■ Mrs. Satterwhite has had her day in court with respect to her own claim. No putative class member has intervened for purposes of appealing the denial of certification, as she might have done even after entry of final judgment; *see United Airlines, Inc. v. McDonald*, 1977, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423, nor has any other class member sought to represent the class. No unnamed member of this as yet inchoate class has indicated that she has been aggrieved by the city's employment practices or that she would like to challenge those practices. See the panel opinion, 557 F.2d at 422.

■ The only basis for allowing new claims to be asserted under the banner of this case would be to ensure that putative members, who have never been formally included or bound by this litigation, and who have been free to intervene or file their own claims, might be protected by the

---

notwithstanding the intervening mootness of the named representative's claim.

11. As this court noted in *Miller v. Mackey International, Inc.*, 5 Cir. 1971, 452 F.2d 424, 427, "The determination whether there is a proper class does not depend on the existence of a cause of action. A suit may be a proper class action, conforming to Rule 23, and still be dismissed for failure to state a cause of action." Hence, the merits of plaintiff's claim are irrelevant, but plaintiffs must nonetheless " 'possess the same interest and suffer the same injury' " as other class members. *Rodriguez, supra*, 395

U.S. at 403, 97 S.Ct. at 1896, and cases cited therein.

Hence, it is error to explore the merits of plaintiff's claim during the maintainability determination, but obviously the merits must be considered during the trial of plaintiff's claims, and, to the extent that judgment bears upon the adequacy of plaintiff's representation or his nexus to the claims asserted by the class, it does not violate the policy of *Mackey* and *Huff* to consider it in future certification determinations. *See Long v. Sapp, supra.*

assertions made in their behalf. The statute of limitations is tolled for putative class members' individual claims from the date of the filing of the complaint until class certification is denied, and remains tolled as to those putative class members who intervene or who file individual claims, even after the denial of certification. *American Pipe & Construction Co. v. Utah,* 1974, 414 U.S. 538, 553–54, 94 S.Ct. 756, 766, 38 L.Ed.2d 713; *Eisen v. Carlisle & Jacquelin,* 1974, 417 U.S. 156, 176 n. 13, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732; *Haas v. Pittsburgh National Bank,* 3 Cir. 1975, 526 F.2d 1083, 1096–98. *See also United Airlines, Inc. v. McDonald, supra.* Additionally, if a trial court's decision that the class may not be maintained is reversed on appeal, the status of class members is to be determined from the time that suit was instituted. *Gelman v. Westinghouse Elec. Corp.,* 3 Cir. 1977, 556 F.2d 699, 701; *Esplin v. Hirschi,* 10 Cir. 1968, 402 F.2d 94, 101 n. 12, *cert. denied,* 1969, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459. *See generally* 3B Moore's Federal Practice ¶ 23.-90(3).

Whether putative class members may also be insulated from a statute of limitation bar after the denial of certification has been affirmed need not be addressed here. *See Jimenez v. Weinberger,* 7 Cir. 1975, 523 F.2d 689, 696, *cert. denied,* 1976, 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204, suggesting the statute might be tolled. *See generally* Note, 17 B.C.Ind. & Com.L.Rev. 915

(1976); Class Actions Under New Rule 23 and Federal Statutes of Limitation: A Study of Conflicting Rationale, 13 Vill.L. Rev. 370 (1968). Should someone come forward at some future date to present an individual or a class claim against the City of Greenville, that action will be an appropriate one in which to consider the effect, if any, this suit had with respect to any plea that the statute of limitations has run, should that plea be made.

The grievances, if any, of these putative and unknown class members are, as far as this record is concerned, wholly conjectural; they do not provide an adequate basis for requiring the lower court to ponder the problems attendant on reviving a moribund suit.[12] *See Bradley v. Housing Authority of Kansas City, Mo.,* 8 Cir. 1975, 512 F.2d 626, 628. Hence, we are constrained to decide what the panel was "tempted" to conclude, 557 F.2d at 422: there is no controversy between the defendant and possible class members that may now properly be considered in this suit.

## IV.

The class action accords beneficial results both to litigants and the public. Its virtues, when properly employed, have been the subject of extensive literature,[13] and the possible dangers that lurk in its misuse have also generated wide comment.[14]

---

12. If, on remand, the trial court certified the class and reached the merits, these decisions would lead to another appeal. If the trial court denied certification, then there might also be an appeal of that determination, which would be final for appeal purposes because it disposes of the case. Either route would depend upon requiring the trial court to put itself back hypothetically more than four years, and then having an appellate court assess the accuracy of the trial court's conjecture. Such speculation and such profligacy with judicial resources in determining what is at best suppositious is warranted neither by Rule 23 nor by the ends of justice.

13. *See, e. g.,* Ashe, The Class Action: Solution for the Seventies, 7 N.Eng.L.Rev. 1 (1971); Blecher, Is the Class Action Rule Doing the Job (Plaintiff's Viewpoint), 55 F.R.D. 365 (1972); Cappelletti, Vindicating the Public Interest

through the Courts: A Comparatrist's Contribution, 25 Buffalo L.Rev. 643, 667–75 (1976); The Cost-Internalization Case for Class Actions, 21 Stan.L.Rev. 383 (1969); Federal Rules of Civil Procedure: Rule 23, The Class Action Device and Its Utilization, 22 U.Fla.L.Rev. 631 (1970); Ford, Federal Rule 23: A Device for Aiding the Small Claimant, 10 B.C.Ind. & Com. L.Rev. 501 (1969).

14. *See, e. g.,* Becker, Introduction: Use and Abuse of Class Actions Under Amended Rule 23, 68 Nw.U.L.Rev. 991 (1974); Simon, Class Actions—Useful Tool or Engine of Destruction, 55 F.R.D. 375 (1972); Control of Class Action Abuses through Regulation of Communications, 4 Class Action Rep. 632 (1975); Welthers, Amended Rule 23: A Defendant's Point of View, 10 B.C.Ind. & Com.L.Rev. 515 (1969).

■ Class actions economize time and effort and prevent a multiplicity of suits, Advisory Committee's Note to Amended Rule 23, 1966, 39 F.R.D. 98, 102; deter mass wrong and fraud, *Parham v. Southwestern Bell Tel. Co.,* 8 Cir. 1970, 433 F.2d 421, 428; preserve the constitutional rights of broad classes of persons, *Jones v. Diamond,* 5 Cir. 1975, 519 F.2d 1090, 1097; provide a forum for the small claimant and the uninformed, *American Pipe & Constr. Co. v. Utah, supra,* 414 U.S. at 551–552, 94 S.Ct. at 765; *Samuel v. University of Pittsburgh,* 3 Cir. 1976, 538 F.2d 991, 997; protect the rights of those reluctant to file individual actions against defendants with whom they have continuing necessary relationships, *Haynes v. Logan Furniture Mart, Inc.,* 7 Cir. 1974, 503 F.2d 1161, 1164–1165; *Ste. Marie v. Eastern R. R. Ass'n,* S.D.N.Y.1976, 72 F.R.D. 443, 449; and enhance judicial focus on broader public policy issues abstracted from individual factual idiosyncracies, *Watson v. Branch County Bank,* W.D.Mich.1974, 380 F.Supp. 945, 957, *rev'd on other grounds,* 6 Cir. 1975, 516 F.2d 902. They are an essential part of the judicial arsenal for combatting racial and sexual discrimination, *Johnson v. Ga. Highway Express, Inc., supra; Pettway v. American Cast Iron Pipe Co.,* 5 Cir. 1974, 494 F.2d 211, and, for this reason, the courts will respond with flexibility to such claims.

■ But the continued vitality of this "effacious jurisprudential tool," *Jones v. Diamond, id.,* depends upon compliance with the procedural requirements of Rule 23 and the constitutional mandates of Article III. If litigants are to achieve the benefits properly to be derived from class actions and abuse of the procedure is also to be prevented, the institution of a class action imposes both on counsel and the trial judge responsibilities not raised by individual civil litigation. It is the court's duty to determine "as soon as practicable" whether the action may be maintained as a class litigation. That duty, however, creates an obligation on counsel to assist by filing an appropriate motion supported by proper evidence. Although, in rare instances, maintainability may be determined on the basis of the pleadings, *Huff v. N. D. Cass Company of Alabama, supra,* 485 F.2d at 713, if there is any genuine doubt with respect to the propriety of a class action, a preliminary evidentiary hearing is essential. *See Walker, supra,* 563 F.2d at 921; *Jones v. Diamond, supra,* 519 F.2d at 1099. Because thinly manned trial courts are beset not only with crowded dockets but with mandates to accord conflicting priorities to innumerable matters,[15] the final determination of a civil suit may not be reached for months or even years. If, thereafter, an appeal from the class action decision is taken, there is the difficult problem of attempting to ascertain the facts and circumstances that existed at the time of the original certification decision. These problems indeed played a large part in the second panel decision to remand. 557 F.2d at 418–19, 423. Affording an initial hearing, even should the conclusion be that none was necessary, serves to lend certainty and direction to the future course of the lawsuit.[16]

---

15. *See* Priorities for Handling Litigation in the United States Court of Appeals (Federal Judicial Center 1977). *See also* Report No. 109A, Reports with Recommendations to the House of Delegates, A.B.A. 1977 Midyear Meeting 211 (1977).

16. Here, no hearing was held, and we have no record of the facts existing at the time certification was denied so as to facilitate an accurate *post hoc* determination. The problem presented here, and in *Jacobs, Kuahulu,* and *Walker v. World Tire* can be avoided simply by holding an appropriate hearing *re* maintainability and by issuing a timely certification decision. Because of the death knell on interlocutory appeals of certification decisions, *see Coopers & Lybrand v. Livesay and Livesay, supra* n. 10, and *Gardner v. Westinghouse Broadcasting Co., supra* note 10, the problem presented in *Horn* and *Donaldson,* where a hearing was held but certification erroneously denied, can be obviated only by the timely intervention of a putative class member, *United Airlines v. McDonald,* 1977, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423, or if the court allows the named representatives to raise the maintainability issue on appeal notwithstanding the loss on the merits, or compromise, of their individual claims. *See Geraghty, supra,* and note 10, *supra.* But the error cannot be corrected on appeal if there has been no certification hearing

Counsel for the class have the primary responsibility for pressing a class action claim. They do not satisfy their responsibilities by simply affixing the class action label to a suit and depositing it with the clerk. Counsel for the defendants in a class action will also better serve their clients and the court if they promptly assert appropriate defenses to maintenance of the suit as a class action, to the end not only that the trial court may have a full picture before it in making this determination, but also to present a complete record in the event of an appeal on the certification issue. The expense to the litigants in this case and the expenditure of judicial energy and thought devoted to the dismissal of this claim underline that it is critically important for both counsel and the court to accord to the preliminary procedural issues in class actions the uncompromising attention that they deserve.

Accordingly, we DISMISS the appeal, VACATE the panel opinion, and REMAND to the district court with instructions to vacate its order and dismiss the complaint.

GODBOLD, Circuit Judge, dissenting, with whom BROWN, Chief Judge, and GOLDBERG and SIMPSON, Circuit Judges, join, dissenting.

The second opinion of the panel responded to the City's petition for rehearing, which had raised the claim that the first panel decision violated the case or controversy requirement of Article III of the United States Constitution. Case or controversy was the issue on which the panel divided in its second opinion. The court en banc has pretermitted decision on case or controversy grounds and instead has reversed the panel on Rule 23 grounds. Thus case or controversy as a ground for decision is out of the case.

The en banc opinion describes its holding as very narrow and recognizes that applica-

tion of the mootness doctrine depends to a large extent upon the idiosyncrasies of each class action. The opinion affirmatively recognizes that this decision does not require automatic dismissal in every case when the district court has failed to certify the class before the representative's claim has been mooted. It distinguishes this case from those in which after an appropriate certification hearing the court, through no fault of the plaintiff, improperly denies certification and the plaintiff subsequently loses on the merits of his individual claim. With the decision resting upon Rule 23, and with a clear statement of what this decision does and does not hold, the differences of views have been greatly narrowed.

Viewing the case even within the narrow limits set by the en banc court, the decision and opinion seem to me a grudging application of class action concepts, at odds with the protections normally accorded class members from adverse consequences and based upon a misapplication of *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977).

In a variety of contexts the courts have protected absent class members from the fallout inevitably arising from the two-headed nature of the class action. One type of fallout arises because the members of the putative class, and of the class when certified, have interests which are affected while the suit is ongoing—should they file claims with EEOC, or protective suits; is the statute of limitations running;[1] over what period can they claim back pay in the suit or independently of the suit; should they retain their own counsel? How does the court protect these ongoing interests of the class when the plaintiff's individual claim aborts, in a manner fair to the defendant as well and without imposing undue strain on the court system? From hindsight, we might well have chosen a per

---

at which the facts necessary for adequate review have been determined; nor can relief be provided by the appellate court remanding for an evidentiary hearing when it has become apparent that the named representatives are

not members of the class, hence the class, as proposed, may not be certified.

1. The en banc opinion pretermits this issue for a future case.

se rule. Rather we have tried to thread our way through varying circumstances with a balancing of interests approach. The balance has gone badly askew in this case.

In this connection, it is important to recall that the panel did not hold that the case should go forward as a class action or that Mrs. Satterwhite should remain as class representative. Rather it remanded to the district court, which had improperly derailed the case, for that court to reexamine the situation and, if appropriate, set the train back on the rails with Mrs. Satterwhite or a successor as representative. The court en banc elects to leave the wreckage where it is and to say "tough luck" to the putative class members.

Approaching application of the mootness doctrine as a case-by-case matter, the opinion in Part I seeks to bring this case within *Rodriguez.* In *Rodriguez* plaintiffs alleged a class action but never moved for certification, and the court made no ruling on certification. Plaintiffs stipulated before trial that the only issue was failure of defendants to consider plaintiffs' applications. At trial plaintiffs confined their evidence and argument to individual claims, and the defendants responded accordingly. After trial the court dismissed the class claims setting out the events just outlined, plus the fact that a large segment of the putative class had recently rejected a bargaining proposal for a remedy sought in the class action complaint. The court also ruled against plaintiffs on their individual claims. On appeal this court certified a class, designated plaintiffs as the representatives and granted relief. The Supreme Court held that the district court had not erred in dismissing the class claims. This is not surprising.

This case cannot be fairly equated with *Rodriguez.* The only resemblance is that plaintiffs in both cases lost on their individual claims. *Rodriguez* was never a bona fide class suit, and everything the plaintiffs did after filing their complaint was inconsistent with the interests of the class. The present suit was prosecuted as a class action from the beginning until after the district court denied certification (even including an abortive appeal to this court).[2]

Also, *Rodriguez* must be read in the light of two recent decisions, *Coopers & Lybrand v. Livesay,* —— U.S. ——, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), and *Gardner v. Westinghouse Broadcasting Co.,* —— U.S. ——, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978). *Coopers & Lybrand* holds that a district court order denying certification is not appealable as a final order under 28 U.S.C. § 1291. The Court predicates its holding on the fact that "an order denying class certification is subject to effective review at the behest of the named plaintiff or intervening class members." Similarly, *Gardner* assumes that "If after [a] judgment on the merits, the relief granted is unsatisfactory, the question of class status is fully reviewable." These two cases, which foreclose interim review of denials of certification, are predicated upon the concept that full and effective review is available after a final judgment on the merits. They are inconsistent with a mechanistic extension of *Rodriguez* that uses the merits determination as a sword against the class members who are required to wait for the merits before getting review.

The majority assert that Mrs. Satterwhite is like the plaintiffs in *Rodriguez* in that she never had any nexus or homogeneity of interest with the class.[3] Mrs. Satterwhite sought to represent a class composed of all present and prospective female employees of the city allegedly victimized by (1) a discriminatory hiring policy, (2) sexually segregated job classifications, and (3) a discriminatory compensation scheme. She

---

**2.** Mrs. Satterwhite sought to appeal from the denial of certification, but, faced with unreviewability, withdrew the appeal.

**3.** This position is necessary to the opinion because of our caselaw, recognized somewhat gingerly in the opinion, that the court should

not, early in the litigation, dismiss the class claims because the individual plaintiff's claim lacks merit, if the plaintiff enjoys sufficient nexus or connexity with the class apart from the lack of merit. *Huff v. N. D. Cass Co. of Alabama,* 485 F.2d 710 (CA5, 1973) (en banc).

is exactly within (1), for she is a female, a prospective employee, and a person who claimed she didn't get the job she applied for because they city has a policy against hiring females. In short, she asserts sex discrimination in hiring, job assignment and pay, directed against females, on behalf of applicants and of those already employed.[4] In *Carr v. Conoco Plastics, Inc.,* 423 F.2d 57 (CA5), *cert. denied,* 400 U.S. 951, 91 S.Ct. 241, 27 L.Ed.2d 257 (1970), we permitted a black job applicant to represent black applicants and employees in seeking relief against discrimination in hiring and in internal operation of the plant. It is only when it is decided that her claim is without merit—i. e., she was denied employment because of an adverse interest and not because of a policy against hiring females—that Mrs. Satterwhite loses her connection with the class. Arguably she is also within (2).

This case falls somewhere between *Rodriguez* where the case was never prosecuted as a class suit and plaintiffs' actions after filing the complaint were antithetical to a class suit, and the "different case" postulated in footnote 12 of *Rodriguez,* 431 U.S. at 406, 97 S.Ct. at 1897, 52 L.Ed.2d at 463, where a class has been certified and the class claims tried and only then does it appear that the plaintiff is an inappropriate class member. The Court would not apply the mootness doctrine to this "different case." Here, the class has not been certified or the class claims tried as in the "different case," not because of lack of assertion of a bona fide class case or failure of the plaintiff or adverse interest of plaintiff, as in *Rodriguez,* but because of trial court error urged upon the court by defendant.[5] To try to edge this case over toward *Rodriguez,* the opinion emphasizes that Mrs. Satterwhite did not ask for a hearing on the

certification issue and presented to the court no evidence on that issue except a computer printout. This is considerably less than all the story. After filing her class action Mrs. Satterwhite filed searching interrogatories to the city addressed to the handling of job applications, the numbers of female and male employees and their duties, pay, and the like, and other data material to the various prongs of the class claims. The city refused to answer and tendered its records for examination by plaintiff. Plaintiff filed a motion to compel answers and asked for an immediate hearing. She filed a motion for certification of the class accompanied by a brief, as directed by the court, on the question whether certification should be denied on the ground her individual claim lacked merit. The city responded with a brief urging as one of the grounds for denial of certification that Mrs. Satterwhite's claim lacked merit. The court, without setting a hearing on the motion for certification, which it was required to do, or a hearing on the motion to compel answers, denied certification.[6] There was a paucity of evidence made available to the court on the class claims, but plaintiff had unsuccessfully sought the aid of the court to obtain more. Seven weeks before trial the court denied certification without statement of reasons. Plaintiff sought to appeal from the order, but faced with the "death knell" limitation, then the law in this circuit, withdrew the appeal.

In these circumstances neither a policy of requiring diligence by the class representative nor a neutral policy of protecting the adjudicatory system justifies our refusing to recognize the interests of the class. The opinion of the court suggests that remand to the district court for it to consider maintainability, case or controversy, and whether Mrs. Satterwhite or some successor

---

4. I would characterize this as "across-the-board" but my position does not depend on that label.

5. As I discuss below, the defendant urged that certification be denied on the ground that Mrs. Satterwhite's claim lacked merit.

6. The opinion, in footnote 7, recognizes that it is the duty of the court, without a motion from plaintiff, to conduct a hearing on certification, but nevertheless it marks up a demerit against plaintiff for not asking the court to carry out its duty. Moreover, plaintiff might reasonably infer that since she had pending one motion for a hearing she need not ask for two hearings.

should be class representative, should be denied because of inconvenience to the district court and the litigants. In the circumstances this is disingenuous. The court erred by acting too soon, acting without a hearing, and, one may fairly infer, for the wrong reasons, and the only litigant inconvenienced is the city, which urged the wrong reason upon the court. The consequences should not be visited upon the putative class, without an opportunity, through remand, for the interests of the putative class to be protected.